## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**STEPHEN SNYDER,**<br><br>**Defendant** | **Criminal No. GLR 20-337** |

### GOVERNMENT'S CONSENT MOTION TO EXCLUDE TIME
### PURSUANT TO THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its undersigned counsel, respectfully submits this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161(h).

### BACKGROUND

On October 19, 2020, the Defendant appeared in the United States District Court for the District of Maryland on an indictment charging him with extortion in violation of 18 U.S.C. § 1951 and 1952.

Following the Defendant's initial appearance, the Court ordered the parties to submit a joint status report addressing the following issues on or before December 15, 2020: "Status report should address if plea negotiations in progress; if counsel believe case will resolve short of trial; or if trial schedule should be set." On November 2, 2020, the Court granted the parties' consent motion and excluded the time period from October 19, 2020 to December 15, 2020 from consideration when computing the time within which trial must commence. (ECF No. 13).

In response to the outbreak of the COVID-19 pandemic in the United States, on January 31, 2020, the Secretary of Health and Human Services declared a public health emergency for the entire United States. In addition, on March 13, 2020, the President of the United States declared

a national emergency, and on March 5, 2020 the Governor of Maryland Larry Hogan declared a state of emergency related to the COVID-19 pandemic in the United States.  And, on March 30, 2020, Governor Hogan further ordered that no Maryland resident should leave their home unless it is for an essential job or for an essential reason, such as obtaining food or medicine, seeking urgent medical attention, or for other necessary purposes.  The Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce the possibility of exposure to the virus and to slow the spread of disease.

In light of these public declarations, on March 11, 2020, Chief Judge James K. Bredar entered an initial Standing Order imposing health- and travel-related limitations on access to Court facilities.  *See* Standing Order No. 2020-02.  Standing Order 2020-02 was subsequently amended on March 16 and March 20, 2020 and the Court also further restricted access to the Courthouse for limited personnel on Mondays, Wednesdays, and Fridays.  *See* Amended Standing Order No. 2020-02; Second Amended Standing Order No. 2020-02; Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 12.  On March 20, 2020, Chief Judge Bredar entered another Standing Order suspending jury selection and jury trials in all criminal cases scheduled to start between March 20, 2020 and April 24, 2020.  *See* Standing Order No. 2020-05.  On April 10, 2020, Chief Judge Bredar entered another Standing Order further suspending jury selection and jury trials in all criminal cases scheduled to start between March 16, 2020 and June 5, 2020.  *See* Standing Order No. 2020-05.  That Order provided that the time period of the continuances implemented by the Order were excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuances outweighed the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

On May 5, 2020, Chief Judge Bredar issued Standing Order 2020-11 which allows that "some criminal jury trials may commence on or after August 1, 2020, in the discretion of individual judges of this Court, after consultation with court staff regarding juror and participant safety and limited court capacity."  Standing Order 2020-11 further excluded time under the Speedy Trial Act through July 31, 2020.

On November 11, 2020, Chief Judge Bredar issued Standing Order 2020-20, which suspended all in-court hearings and proceedings for two weeks.  On November 19, 2020, Chief Judge Brdear issued Standing Order 2020-21, which extended the suspension of all in-court hearings and proceedings through January 15, 2021.

**DISCUSSION**

I.      **LEGAL STANDARD**

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, 18 U.S.C. § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock.  18 U.S.C. § 3161(h).  Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, 18 U.S.C. § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A).

The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case.  *Zedner v. United States*, 547 U.S. 489,

3

500 (2006).   "[W]ithout on-the-record findings, there can be no exclusion under" 18 U.S.C.

§ 3161(h)(7)(A).  *Id.* at 507.  Similarly, the Speedy Trial Act requires that, in granting an ends-of-

justice continuance, "the court sets forth, in the record of the case, either orally or in writing, its

reasons for finding that the ends of justice served by the granting of such continuance outweigh

the best interests of the public and the defendant in a speedy trial."  *Id.*

## II.    ARGUMENT

Here, the time between December 15, 2020 and June 1, 2021, or trial, whichever is sooner,

should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C.

§ 3161(h)(7)(A), based on the specific circumstances of this case.

Although Standing Order No. 2020-11 and its predecessor orders address district-wide

health concerns and made Speedy Trial Act findings under § 3161(h)(7)(A) excluding time under

the Speedy Trial Act through July 31, 2020, the United States additionally moves the Court to

supplement those Orders with a case-specific order excluding time pursuant to § 3161(h)(7)(A)

based on individualized findings given the specific circumstances in this case.

As a threshold matter, and as Standing Order No. 2020-07 reflects, the ends of justice

amply justify excludable time here.  A pandemic, like a natural disaster or other emergency, grants

this Court the discretion to order an ends-of-justice continuance.  *See, e.g.*, *Furlow v. United States*,

644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mount

St. Helens); *United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007) (Hurricane Katrina);

*United States v. Correa*, 182 F. Supp. 2d 326, 330 (S.D.N.Y. 2001) (September 11, 2001 terrorist

attacks).  Here, failure to continue the trial in this case will likely make its completion impossible

due to public-health risks and concerns.

In addition to concerns for prospective jurors' health and the ability of the Court to obtain—

and maintain—an adequate number of jurors, an ends-of-justice delay is particularly apt because:

- The Department of Justice has ordered all its components to "move to a posture of maximum telework" on March 15, 2020, urging all eligible employees to "begin teleworking to the maximum extent practical" to protect health and safety. Accordingly, counsel, the United States Attorney's Offices, victim-witness specialists, and support staff have been encouraged to telework to minimize personal contact to the greatest extent possible. The Government anticipates that preparation for trial would entail, among other things: extended conferring and close contact and coordination with multiple individuals including co-counsel, paralegals, law enforcement officers, and other personnel—all aspects of preparation that are hindered or impossible under the current circumstances.

- This trial would also entail close contact with witnesses, inconsistent with advice from the Centers for Disease Control. In this case, the Government anticipates that trial preparation would entail meeting with multiple witnesses and their counsel.

- The Court suspended all in-court proceedings, including criminal trials, from November 16, 2020 until at least January 15, 2021.

Moreover, this case is unusual and complex, due to the nature of the prosecution, and the factors discussed above. As a result, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). These issues – although justifying continuance on their own – are even more difficult in light of the COVID-19 pandemic-related limitations on counsel, witnesses, jurors, and law enforcement discussed above.

On Monday, December 7, 2020, counsel for the parties spoke on a conference call, and counsel for the defendant consented to this request.

## CONCLUSION

Based on the foregoing, the Court should enter a case-specific order finding the time between December 15, 2020 and June 1, 2021, or trial, whichever is sooner, excludable time under 18 U.S.C. § 3161(h)(7). However, nothing in the Court's order should preclude a finding that

other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the

period within which trial must commence.  A proposed Order is submitted herewith.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Matthew P. Phelps
Leo J. Wise


## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

_____/s/_____
Matthew P. Phelps
Assistant United States Attorney