# RWL ‖ RIFKIN WEINER LIVINGSTON LLC
### ATTORNEYS AT LAW

Alan M. Rifkin (MD, DC)
M. Celeste Bruce (MD, DC)
Liesel J. Schopler (MD, DC)
Rita J. Piel

Edgar D. Silver (1923-2014)
†Of Counsel
††Retired Emeritus

Arnold M. Weiner
Charles S. Fax (MD, DC, NY)†
Stuart A. Cherry
Brad I. Rifkin

Scott A. Livingston (MD, DC)
Jamie Eisenberg Katz (MD, DC, NY)
Marilee L. Miller (MD, DC)
Camille G. Fesche (MD, DC, NY, NJ)
Lance W. Billingsley††

Michael V. Johansen
Barry L. Gogel
Stephen Kuperberg (MD, DC)
Michael A. Miller†

Joel D. Rozner (MD, DC)
Patrick H. Roddy
Laurence Levitan†

John C. Reith (Nonlawyer/Consultant)
Matthew Bohle (Nonlawyer/Consultant)
Obie L. Chinemere (Nonlawyer/Consultant)

December 18, 2020

The Honorable George Levi Russell, III
United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21202

      Re:    *Discovery Dispute in <ins>United States v. Snyder</ins>, Cr. No. GLR 20-337*

Dear Judge Russell:

We write pursuant to Paragraph 4(b) of Standing Order 2020-01, to set forth Defendant's "position with respect to the dispute" which the Government, in its December 15, 2020 letter (ECF 18), requests the Court to resolve.

Because of the highly unusual circumstances of this prosecution for alleged extortion, Defendant has elected to refrain from requesting discovery from the Government that would trigger a reciprocal obligation to provide discovery of similar materials. On December 7, 2020, following an extended Rule 16.1 conference, Defendant served Defendant's Request pursuant to Rule 16 and Paragraph 2 of the Standing Order. *See* ECF 17-2. The Defendant's Request explicitly stated that, "Defendant DOES NOT REQUEST that the Government provide discovery pursuant to Subsection (E)," and, also, that "Defendant DOES NOT REQUEST ... discovery pursuant to Subsection (G)." Under the express terms of Rule 16(b)(1)(A) and (C), the Government's right to require Defendant to produce documents and objects or expert information was not triggered because Defendant did not request disclosure of similar information and materials from the Government under Subsections (a)(1)(E) and (G).

In its December 15th letter, the Government ignores the explicit provisions of Rule 16 and, instead, invokes the Standing Order as the ostensible basis for its request that the Court *compel Defendant to make requests* under Subsections (a)(1)(E) and (G), *and to accept unwanted discovery* so as to trigger a reciprocal right of the Government to obtain comparable discovery from Defendant. The Government's request is utterly without merit. *First,* it is in conflict with the express provisions of Rule 16(a) and (b), the legislative history of those subsections and the cases applying them. *Second,* Standing Order 2020-01 provides no support for the extreme interpretation that the Government would place upon it. *Third,* if the Standing Order had automatically required full, mutual discovery, as the Government maintains, the Standing Order would be in direct conflict with Rules 16(a) and (b) and would be invalid under Rule 57.

Subsections (a)(1)(E) and (G) of Rule 16 were adopted as amendments to the Rule in 1975 and 1993, respectively. During the 1975 adoption process, the Senate supported a proposed

☐ 225 Duke of Gloucester Street, Annapolis, Maryland  21401
410.269.5066 | 410.269.1235 fax

■ 2002 Clipper Park Road, Suite 108, Baltimore, Maryland  21211
410.769.8080 | 410.769.8811 fax

☐ 4800 Hampden Lane, Suite 820, Bethesda, Maryland  20814
301.951.0150 | 301.951.0172 fax

www.rwllaw.com

The Honorable George Levi Russell, III
December 18, 2020
Page 2

version "for unconditional discovery" from the defendant, the same as the Government seeks here. The House, "troubled by constitutional doubt, revised the rule to give the government a right of discovery only if the defendant has requested it and obtained similar discovery."  Congress adopted the House version, and "it is in this form that what is now Rule 16(b) became effective ... ." 2 Wright et al., Fed. Prac. & Proc. Crim. § 251 (4ᵗʰ Ed.).  Thus, "If a defendant invokes only subdivisions (A) through (D) of Rule 16 (a)(1) by requesting discovery only of his own statements and prior record, the prosecution has no reciprocal right of discovery." *Id.,* § 260.

The case law is uniformly to the same effect. *See, e.g., U.S. v. Nobles,* 422 U.S. 225, 235 (1975) ("The Government's right of discovery arises *only* after the defendant has successfully sought discovery under [what is now Subsection (E)]...") (emphasis added); *U.S. v. Marenghi,* 893 F.Supp. 85, 98 (D. Me. 1995) ("Part of a defendant's strategy in preparation of a criminal defense is consideration of whether to seek discovery under Rule 16(a) in light of the reciprocal obligation under Rule 16(b) ...;" defendant did not trigger Government right to discovery by merely requesting *Brady* materials); *U.S. v. Mitchell,* 2009 WL 4114378, at *1 (W.D.N.C. Nov. 23, 2009) (defendant did not trigger obligation to provide Rule 16 discovery by requesting and obtaining discovery under Rule 32.1); *U.S. v. Crowder,* 325 F.Supp. 3d 131, 134 n.9 (D. D.C. 2018) (Government denied discovery from defendant who did not request discovery but utilized materials obtained through co-defendant's discovery request); *U.S. v. Navarro Hinojosa,* 2019 WL 4643597, at *1-3 (N.D. Tex. Sept. 24, 2019) (USMJ) (Government denied discovery of evidence previously used by defendant in detention hearing).

The Government misreads the Standing Order.  If this Court had intended to adopt a procedure (and impose obligations upon defendants) so at odds with the purpose and express language of Rule 16(a) and (b), it would have said so directly.  The Standing Order, to the contrary, states that it merely "establishes the procedures that apply to the parties' Discovery and Inspection Obligations under Fed.R.Crim. P. 16 and 16.1."  Further, the Government is plainly wrong when it argues that Paragraph 2(a) of the Standing Order should be interpreted as a requirement that defendants *must* request *any* and *all* information that Rule 16(a) permits them to seek.  By mandating that the Defendant's Request "shall be organized in accordance with the subsections identified by Rule 16(a)(1)(A)-(G) in such manner that the Government can readily identify what information is requested by category," the Standing Order does *not* require a defendant to make any particular request.  An important purpose of this requirement is to distinguish the discovery that a defendant requests from the discovery that a defendant does not request - so that "the Government can readily identify what information is requested by discrete category."  Contrary to the Government's argument, this requirement enables the Government and the Court to discern whether the defendant has made a request that triggers the right to reciprocal discovery, and, if so, to act accordingly.

The Standing Order would be invalid, and entitled to no effect, if it were read as denying Defendant the right, embedded in Rule 16(a) and (b), to avoid triggering a right of the Government to obtain discovery from Defendant.  In *U.S. v. Dailey,* 155 F.R.D. 18, 22 (D.R.I. 1994), the court held that a local Standard Order that required automatic mutual discovery "conflicts with Rule 16 and is therefore invalid."  The court emphasized that Rule 57 authorizes a district court to create local rules "not inconsistent with these rules;" that the Standard Order removes the conditional element of Rule 16 and makes the defendant's obligations automatic;" and that, "Because the

Case 1:20-cr-00337-GLR   Document 19   Filed 12/18/20   Page 3 of 3

The Honorable George Levi Russell, III
December 18, 2020
Page 3

Standard Order is inconsistent with Rule 16, this court has no authority to require [the defendant] to provide discovery in any manner other than that described in Rule 16." *Id.* at 21-23.

The Standing Order in this case, the same as the Standard Order in *Dailey*, would be inconsistent with Rule 16 if it required automatic mutual discovery. The Standing Order would be textually at odds with Rule 16(a) and (b) in the most significant way and it would undermine the undeniable Congressional purpose to allow discovery from a defendant only if it is conditioned upon the defendant voluntarily requesting and receiving discovery of similar materials. *See also Carlisle v. United States,* 517 U.S. 416, 425-26 (1996) (noting that "federal courts 'may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress,'" but holding that such inherent authority does "not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure") (citation omitted). *Cf. Cornett v. Weisenburger,* 454 F.Supp. 2d 544, 549 (W.D. Va. 2006).

This is not a case in which Rule 16 is silent on a subject and a district court has enacted a local rule or standing order to fill the void. Those situations are radically different because, "The Supreme Court has indicated that silence in the federal rules should not be interpreted as a prohibition on local rule-making authority." *Whitehouse v. U.S. Dist. Ct.,* 53 F.3d 1349, 1363 (1st Cir. 1995). *See also U.S. v. Jackson,* 508 F.2d 1001, 1007 (7th Cir. 1975) (district courts may require pretrial lists of fact witnesses because such provisions conflict with neither the "protections accorded the defendant" nor "with procedures firmly established by the Rules"); *U.S. v. Fletcher,* 74 F.3d 49, 54 (4th Cir. 1996) (relying upon *Jackson* in permitting local requirement for fact witness lists); *U.S. v. W.R. Grace,* 526 F.3d 499, 510-11) (9th Cir. 2008) (same).

Finally, the tortured history of this case demonstrates that much of the evidence is already known to both parties, and the threat to efficient judicial administration, posited by the Government, is grossly exaggerated. This case was investigated in 2018, while the events were taking place, and the Government declined to prosecute then because, *inter alia,* surreptitious recordings by the FBI failed to establish the criminal intent necessary for an extortion prosecution. Thereafter, Bar Counsel, with information supplied by the FBI, conducted a years-long investigation that resulted in the decision by Bar Counsel that the evidence did not merit an ethics complaint for extortion, even under the lesser standard of proof for disciplinary cases. This past October, two years after the case had been closed and without informing Defendant that the Government had reopened the case, the Government obtained the pending indictment. The earlier criminal and ethics investigations have yielded much information to both sides, and it should have come as no surprise to the Government that Defendant would adopt the litigation strategy of which the Government now complains.

Very truly yours,

/s/

Arnold M. Weiner
Marilee L. Miller
Stuart A. Cherry

cc:    Leo J. Wise
       Matthew Phelps
       Assistant United States Attorney