IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. GLR-20-337 |
| STEPHEN SNYDER | * | |
| Defendant | * | |

\* \* \*

## **ORDER**

Today, the Court conducted an teleconference hearing regarding ex-parte communications by the Defendant with staff of this Court's chambers. Specifically, the Defendant, who is represented by counsel, made inquires regarding whether a property that he owned in New York and used as collateral for current release conditions could be sold or substituted. As indicated on the record the Defendant made reference to the reinstatement of his license and the propriety of such communication.

Subsequent to this conversation another member of chambers staff contacted the Defendant after she conducted research related to the real property issue. During this discussion the Defendant was advised to contact the U.S. Attorney's Office or his counsel. The Defendant conceded that he should have gone through counsel but was trying to take care of things himself. The conversation was categorized as disorganized and haphazard. The Defendant apologized for calling chambers. The call ended.

During the teleconference hearing this morning the Court emphasized to counsel for the defendant that the Defendant should not be engaging in this type of ex-parte communication. Further, the Court advised that it will enter an order prohibiting the Defendant from contacting chambers without his counsel of record. Failure to comply with this order may lead to sanctions,

including possible contempt proceedings.

       Despite the informal nature of this correspondence, it constitutes an order of the Court.

SO ORDERED this 10th day of March, 2023.

                                                                   /s/
                                        George L. Russell, III
                                        United States District Judge