Stephen L. Snyder
1811 Greene Tree Road
Pikesville, Maryland 21208

June 1, 2024

Honorable Deborah L. Boardman
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

**Re: United States v. Stephen L. Snyder**
**Case No. DLB-20-337**

Dear Judge Boardman:

I write this letter in response to the Court's Order dated May 20, 2024. ECF 202. The Court ordered that should the defense wish to call any experts at the July 26, 2024, motions hearing we were to "submit a brief in support of [t]his request by May 31, 2024." This submission is one day late, and we apologize for its late submission. We move the Court to accept this submission. This writing follows.

The defense may call four individuals as experts at the motions hearing.

First, Mr. Ross Guberman. Mr. Guberman submitted his Declaration under the penalties of perjury on June 17, 2021. It was submitted as Exhibit 52-7, attached to ECF 52, that was submitted to the Court on June 22, 2021. Mr. Guberman was charged with the responsibility of examining portions of the Indictment in this case and comparing them to excerpts of a transcript of a meeting that occurred on August 23, 2018, as well as a short phone call that occurred on August 25, 2018. His comparison of the indictment with the meeting is found at ECF 52-6, pages 1-17. The comparison between the indictment and the telephone calls is found at ECF 52-6, pages 18-19. The government countered the Guberman analysis in its response found at ECF 70, at pages 42-52. Based upon the government's opposition position as to the Guberman Declaration, Mr. Guberman examined that opposition and submitted a Supplemental Declaration on October 21, 2021, found at ECF 79-11, pages 1-5.

Mr. Guberman may be called to resolve factual disputes between the parties' positions on the language used in

the indictment that is materially at odds with the known relevant facts.

Second, Jack Anderson Marshall, Jr., A.B., J.D. His curriculum vitae is attached as **Exhibit 1**. It is anticipated Mr. Marshall, if called to testify at the motions hearing, will testify that UMMS and some of its personnel acted unethically, and perhaps illegally, during the negotiations between UMMS and Mr. Snyder.

Mr. Marshall may testify to resolve any factual disputes or opinion offered that may arise, should the government find any in its response to our expert designations.

Third, Jesse Schold, PhD., M.Stat, M.Ed. His curriculum vitae is attached as **Exhibit 2**. Dr. Schold analyzed the performance of the UMMS transplant program and found statistically its transplanted kidneys performed very poorly. His testimony would clearly prove that due to the disarray of UMMS's transplant program, Mr. Snyder had a good faith belief that he could prove medical negligence against the system and some of its doctors.

Fourth, Dr. Antonio Di Carlo, MD., CM, FACS, FRCSC. His curriculum vitae is attached as **Exhibit 3**. Dr. Dr Carlo examined a client of Mr. Snyder who had been treated by UMMS in 2017 and he found negligence of UMMS and two surgeons who had operated on Mr. Snyder's client. The negligence centered around the poor quality of the replaced organ and the condition of the patient. Dr. Di Carlo analyzed the care provided to Mr. Sanders and found similar negligence by UMMS. He also determined that UMMS had systemic deficiencies in its organ transplant department, providing Mr. Snyder with a good faith belief that the system and some of its doctors had committed medical negligence.

It should be noted that Dr. Schold and Dr. Di Carlo, were designated as experts and the government was notified as such on August 17, 2022.

Respectfully Submitted,

/s/ Stephen L. Snyder

___________________________________

Stephen L. Snyder, *pro se*
1811 Greene Tree Road
Pikesville, Maryland 21208

Filed by CM/ECF to all counsel of record