IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**STEPHEN L. SNYDER,**<br><br>**Defendant** | **Criminal No. DLB 20-337** |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO PRODUCE GRAND JURY TRANSCRIPT**

The United States of America, by its undersigned counsel, submits this Opposition to Defendant Stephen L. Snyder's Motion to require the Government to produce the grand jury transcript related to the Indictment.

On July 23, 2024, Defendant Snyder filed a Motion seeking production of the grand jury transcript related to the Indictment returned against him.  ECF No. 209.  Matters occurring before the grand jury are secret under Rule 6(e) of the Federal Rules of Criminal Procedure.  To obtain an otherwise secret grand jury transcript, the defendant must cite an appropriate exception under Rule 6(e).  Additionally, the "party seeking disclosure of grand jury materials must make a showing of a 'particularized need' by demonstrating that (1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials."  *United States v. Moussaoui*, 483 F.3d 220, 235 (4th Cir. 2007) (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).  "[S]peculative, generalized allegations of misconduct are insufficient to justify disclosure."  *United States v. Johnson*, 2024 WL 1886121, at *2 (D. Md. Apr. 29, 2024) (denying motion for grand jury materials when defendant made generalized and speculative assertions that "evidence of prosecutorial misconduct might be found" in the documents requested)

(citing *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980)). The Defendant cites Rule 6(e)(3)(E)(i) which allows for the release of a transcript "preliminarily to or in connection with a judicial proceeding." The Defendant has not stated a particularized need explaining why the transcript of the grand jury session in which he was indicted is needed to avoid a particular injustice in a forthcoming judicial proceeding or that the need for secrecy is outweighed by the need for disclosure. The Defendant also seeks disclosure under Rule 6(e)(3)(E)(ii), where "ground[s] may exist to dismiss the indictment because of a matter that occurred before the grand jury." This exception does not apply because there are no motions to dismiss pending nor has the Defendant cited any valid basis for seeking dismissal of the indictment in his pending Motion.

The Defendant makes generalized reference to due process in his Motion, but he has not otherwise articulated his due process argument. The Defendant argues that the Government did not obtain the appropriate approvals before seeking the charges from the grand jury (ECF No. 209 at 5); however, he does not provide evidence of this allegation. The Government affirms its statements at the *Brady* hearing that all appropriate protocols were followed in seeking the charges in this case. Throughout the litigation, the Defendant has attacked the institution of the proceedings against him, but at every stage – the *Brady* Motion, the grand jury proceeding, and two motions to dismiss – the Court has rejected those attacks. The Defendant has not shown a particularized need for the information he is seeking, and the Court should deny the Motion.

The Government is aware of its discovery obligations and the requested transcript is not discoverable under Rule 16, *Brady*, or *Giglio*. If the Government chooses to call the agent who testified in the grand jury as a witness at trial, then the transcript will be produced as the agent's

2

*Jencks* within one week of trial, consistent with the process endorsed in the Court's Standing Order on discovery.

WHEREFORE, the United States respectfully requests that the Court deny the Defendant's Motion, ECF No. 209.

Erek L. Barron
United States Attorney

\_\_\_/s/_____
Matthew P. Phelps
Evelyn Cusson
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on the defendant via first class mail to the following address:

Stephen L. Snyder
7307 Park Heights Avenue, Apt. 200
Encore Building,
Pikesville, Maryland 21208.

\_\_\_/s/_____
Matthew P. Phelps