UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES DISTRICT JUDGE | 6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770<br>(301) 344-0637<br>MDD_DLBChambers@mdd.uscourts.gov |

August 28, 2024

**LETTER ORDER**

RE:   *United States v. Stephen L. Snyder*
         DLB-20-337

Dear Counsel, Mr. Snyder, and Mr. Bond:

This letter resolves the motion to intervene and the motion to unseal, ECF 212, filed by non-party William Bond.

Mr. Bond filed a motion to intervene in this case for the limited purpose of asking the Court to unseal recent filings, ECF 206 & ECF 206-1. ECF 206 is a July 17, 2024 consent motion to modify Stephen Snyder's conditions of release to impose a third-party custodian requirement. ECF 206 is now publicly available. ECF 206-1 is a communication from Mr. Snyder's pretrial services officer to the Court in support of the modification request. Access to this document is restricted to the Court and the parties. The Court's July 17 order granting the consent motion, ECF 207, is available to the public.

Mr. Bond's motion to intervene for the limited purpose of challenging the restriction on public access to ECF 206-1 is granted. The public has a qualified right of access to "[c]riminal proceedings and related documents," which are "presumptively open to the public." *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020). A non-party may seek leave to intervene to obtain access to documents in a criminal case pursuant to their First Amendment right of access. *See United State v. Bas*, No. JKB-16-324, 2022 WL 1270841, at *1 (D. Md. Apr. 28, 2022) (noting "[t]he Fourth Circuit has confirmed that the First Amendment right of access also permits third-party intervention, though it has not identified the exact mechanism for doing so in district court"; citing *Rosenfeld v. Montgomery Cnty. Pub. Schs.*, 25 F. App'x 123, 131–32 (4th Cir. 2001), and *United States v. Moussaoui*, 65 F. App'x 881, 884 (4th Cir. 2003)); *see also Doe v. Pub. Citizen*, 749 F.3d 246, 262–63 (4th Cir. 2014) (stating that a member of the general public may intervene to challenge a sealing order because "anyone who seeks and is denied access to judicial records sustains an injury"). Accordingly, the Court grants Mr. Bond's motion to intervene for the limited purpose of challenging the restriction on public access to ECF 206-1.

Mr. Bond's qualified right of access to documents filed in this criminal case does not extend to ECF 206-1, which is a communication from U.S. Probation and Pretrial Services to the Court regarding Mr. Snyder's performance on pretrial release. Under 18 U.S.C. § 3153(c)(1), "information obtained in the course of performing pretrial services functions in relation to a

particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." *See also* Loc. R. 213.1(a) (providing that violation reports and probation records are "confidential internal court document[s] to which the public has no right of access").[1] The purpose of § 3153(c)'s confidentiality provision is to "protect[] the relationship between the pretrial services officer and the particular defendant" because Congress recognized that "defendants may be reluctant to cooperate with pretrial services officers unless assured of the confidentiality of the information they reveal to the officers," and if defendants did not cooperate, "the courts, in turn, would receive only incomplete information." H.R. Conf. Rep. 97-792, 8, 1982 U.S.C.C.A.N. 2393, 2394 (Sept. 8, 1982). Because ECF 206-1 contains information that Mr. Snyder's pretrial officer obtained in the course of performing her supervisory duties, the document is confidential and not available to the public.

Mr. Bond's motion to unseal ECF 206-1 is denied.

Although informal, this letter is an Order of the Court and shall be docketed as such. The Clerk shall send a copy of this Order to Mr. Bond and Mr. Snyder.

Sincerely,

Deborah L. Boardman
United States District Judge

---

[1] The exceptions to § 3153(c)(1)'s confidentiality provision do not apply here. *See* 18 U.S.C. § 3153(c)(2).