```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

**UNITED STATES OF AMERICA**       *

    V.                          *    Case No. DLB-20-00337

**STEPHEN L. SNYDER**              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
CERTAIN IRRELEVANT EVIDENCE**

Now comes the Defendant, Stephen L. Snyder, *pro se*, and Law Offices of Gerald C. Ruter, P.C. as standby counsel, and seeks the exclusion of certain evidence that the Government may seek to introduce in its case in chief and for reasons state as follows:

**Factual Background**

Mr. Snyder is charged with attempted extortion, in violation of 18 U.S.C. 1951; and violations of the Travel Act, in violation of 18 U.S.C. 1952.

The allegations grew out of the transplanting of a kidney in the person of, as the Indictment identifies him, "Client 2" by a doctor who was employed by the University of Maryland Medial System ("UMMS"). The representation of Client 2 and ultimately his estate forms the basis of this prosecution. Client 2 became a client of Mr. Snyder in January of 2018, following his surgery in January of 2017. This surgery performed on Client 2 followed surgery of Mr. Snyder's "Client

1" who had a pancreas transplant by UMMS personnel.  Mr. Snyder succeeded in settling the malpractice case for Client 1 against UMMS on February 28, 2019.

The gravamen of the attempted extortion charge as well as the travel act counts that are allegations in furtherance of the alleged extortion scheme is that Mr. Snyder tried to extract from UMMS monies for "himself that, separate from any claim by one of his clients, by using threats of economic and reputational harm…"  It appears that the majority of the evidence to be adduced at trial will come from the words of Mr. Snyder, recorded or reduced to a transcript or overheard by government witnesses.

It is believed that Dr. Stephen Bartlett, who at all times worked as a surgeon at UMMS, will testify in part with interactions he had with Mr. Snyder in the course of the alleged extortion scheme.  It is further believed that Dr. Bartlett may testify that he believes Mr. Snyder is a "bad man."  This is so because Ms. Susan Kinter, who is also expected to testify, indicated to investigators that Dr. Bartlett had told her that he believed Mr. Snyder was a "bad man." Discovery does not reveal what prior actions or words taken or spoken by Mr. Snyder comprise Dr. Bartlett's opinion that Mr. Snyder is a bad man.

2

**Argument**

Rule 404(a)(1) generally forbids the introduction of character evidence. There are exceptions cited in Rule 404(b), namely to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In addition, the moving party must prove the testimony to be relevant and necessary and reliable. Based upon the discovery in the case, the defense is unable to discern that the government could fulfill any of these requirements.

In United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997), the Court provided a four-factor test in determining the admissibility of prior "bad acts" evidence:

> "(1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior bad act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes.
> (2) The act must be necessary in the sense that it is probative of an essential claim or element of the offense.
> (3) The evidence must be reliable. And
> (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process."

Finally, if the government's intention is to elicit such testimony it must provide its notice pursuant to Rule 404(b)(2)(A). It has failed to do so as of this writing.

**Conclusion**

The Court should enter an Order consistent with these arguments and not permit any evidence or testimony to be admitted through Dr. Stephen Bartlett concerning the assertion that Mr. Snyder is a "bad man."

Respectfully Submitted,

/s/ Stephen L. Snyder
_____
Stephen L. Snyder, Esq. *pro se*
7307 Park Heights Avenue
Apt. 200
Encore Building
Pikesville, Maryland 21208
(443)610-7611
Steveslaw@icloud.com


/s/ Gerald C. Ruter
_____
Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland 21237
(410) 238-8000
Ruterlaw@verizon.net
Standby counsel for Stephen L. Snyder

**Certificate of Service**

I certify that on this 4th day of October 2024, this this document was electronical submitted by CM/ECF to all parties of record.

/s/ Gerald C. Ruter
_____
Gerald C. Ruter