# Exhibit 1

| | |
|---|---|
| **From:** | Arnold Weiner |
| **To:** | Wise, Leo (USAMD); Phelps, Matthew (USAMD) |
| **Cc:** | Stu Cherry; Devon Harman; Eva Kline |
| **Subject:** | [EXTERNAL] U.S. v. Snyder - Additional Witness |
| **Date:** | Tuesday, August 30, 2022 1:09:17 PM |
| **Attachments:** | image001.png<br>Schraub CV.pdf |

Leo and Matt –

Mr. Snyder may call Jonathan Schraub, Esq. as an expert witness.

Throughout his career, Mr. Schraub was lead defense counsel in multiple, complex medical and legal malpractice cases, including cases in Virginia, Maryland and the District of Columbia. Mr. Schraub practiced in several firms, where he specialized in the defense of medical and legal providers, including the negotiation of expert consultant agreements in those and other cases, from 1977 to 2018. After serving as Managing Director of Sands Anderson PC for the Washington, D.C. regional office from 2013 to 2018, Mr. Schraub retired from that firm and, three years later, retired from the practice of law. Mr. Schraub's CV is attached hereto.

Mr. Schraub is expected to provide the following opinions:

1. Value is almost always subjective and dependent on the position of the parties and the risk/benefit analysis appropriate to each party's position. In almost all situations, value is a relative concept and totally dependent on the context and the subjective condition of the party evaluating the proposal.

2. Considering the specific situation with respect to the University of Maryland Medical Center (the "hospital"), in 2018, the hospital was in a serious – potentially fatal – economic and reputational risk position: there was serious evidence of misconduct in the transplant program – profits over patient safety; there was evidence of transplants into patients who were not suitable candidates for the procedure; there was evidence of the use of defective organs or organs that would be rejected by other reasonable transplant programs; the first two claimants alone settled cases for $13.5 million; the hospital admitted that there were multiple potential patients as claimants; Snyder, as a preeminent plaintiffs personal injury attorney, opposed to the hospital, had collected upwards of $100 million from suits against the hospital; and the proposed consulting agreement would remove Snyder as a potential counsel in further suits against the hospital. *See e.g.,* Magdeburger Memo re 4/30/2018 meeting, p. 3; Magdeburger Memo re 6/22/2018 meeting, pp. 2, 4; Transcript of 8/23/2018 meeting, Tr. 24:7-18; and Transcript of 8/27/2018 telephone call with Andrew Graham, Tr. 60:1-18.

3. Snyder's proposed consulting agreement, which could also be analyzed as a general retainer agreement, offered real value to the hospital. The consulting agreement would provide that Snyder would defend future cases against the hospital. *See e.g.,* Alicia Reynolds notes re 6/22/2018 meeting, p.6-7; Magdeburger Memo re 6/22/2018 meeting, pp. 2, 4. In 2018, there was a likelihood of multiple additional cases and no attorney knew the strengths and weaknesses of these types of cases better than Snyder. The consulting agreement would provide the hospital with access to Snyder at their will for risk management consulting in the transplant program. *See e.g.,* Transcript of 8/23/2018 meeting, Tr. 24:7-18, 25:3-9, 25:11-19, 56:20-57:2; Natalie Magdeburger notes from 8/23/2018 meeting, p. PK-0068; Transcript of 8/25/2018 telephone call, Tr. 51:18-23; and Transcript of 8/27/2018 telephone call with Andrew Graham, Tr. 60:1-18, Tr. 64:5-14. In 2018, no one knew the strengths and weaknesses of the hospital's transplant program better than Snyder and his consult could mitigate future financial exposure. As noted, the hospital would also get the incalculable benefit of taking Snyder "off the playing field" as a future adversary in negligence and fraud claims against the hospital.

4. The value of the consulting agreement, as proposed by Snyder, was $2.5 million per year over 10 years for a total of $25 million. This is a reasonable value in view of the existing benefits to and potential exposure of the hospital. On its surface, the exposure of the hospital to date in 2018 had resulted in settlements totaling $13.5 million. That is more than 50% of the total proposed consulting fee – and it was only the first two cases.

5. It would be a reasonable risk management decision by the hospital to invest $2.5 million per year in Snyder's risk remediation, Snyder's services as defense counsel and disqualification of Snyder from handling future cases against the hospital.

6. The value of the retainer also needs to be assessed from Snyder's point of view. Snyder had collected upwards of $100 million from the hospital during the course of his career. The retainer is reasonable in consideration of Snyder's agreement to forego future lucrative employment possibilities, *i.e.,* suits against the hospital.

7. It is well established that a general retainer agreement, *i.e.,* an agreement that provides for unlimited availability of an especially talented attorney and the related disqualification of that attorney to represent clients adverse to the interests of the retaining party, is a legitimate fee arrangement. As one court has noted, "[a] lawyer of towering reputation, just by agreeing to represent a client may cause a threatened lawsuit to vanish". *Bain v. Weiffenbach*, 590 So. 2d 544 (Fla. App 1992). Mr. Snyder

   qualifies as such a lawyer in the field of medical malpractice in Maryland.
8. The general retainer or availability fee is considered earned when paid as the agreement of the attorney to refrain from other business opportunities adverse to the contracting client is adequate consideration for the retainer, which can be paid in a lump sum or, as Snyder was proposing it, paid over time.
9. Finally, it is important to note that the value of a proposed general retainer is measured from the date the proposal is made and the relevant facts at that time. It is never evaluated from hindsight.

Mr. Schraub is expected to base his opinions on his decades of experience as a practicing lawyer whose practice was devoted, to a substantial extent, to the representation and defense of medical and legal providers in professional malpractice cases, including the negotiation of expert consultant agreements for those and other cases, and upon the documents and other materials that were provided to him. Those documents, which consist largely of court filings and contemporaneous documents of which are you are already aware, are available to you via the link below:

https://rifkin-my.sharepoint.com/:f:/g/personal/dharman_rwllaw_com/El5ZtFCdLiVMsBNpctvB0a0BmEcmYg4b4jTe_AYhGht0iQ?e=phnUbb

Arnold M. Weiner, Esq.
Rifkin Weiner Livingston LLC
2002 Clipper Park Road, Suite 108
Baltimore, MD 21211
(410) 769-8080
(410) 769-8811 (Fax)
www.rwllaw.com
*Please note our new website www.rwllaw.com and my new email address aweiner@rwllaw.com.*



CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.
CONFIDENTIALITY NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient, or believe you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this message in error and delete the copy you received. Thank you.

# JONATHAN SCHRAUB

19860 Planters Blvd.
Unit D
Boca Raton, Fl 33434
(703) 625-0006
jjschraub@gmail.com

## EDUCATION

Colgate University
A.B. - 1973
Cum Laude

Georgetown University Law Center
J.D. - 1977
Editor, Georgetown Law Review

George Washington University
1974 - Graduate study towards Masters Degree in Urban and Regional Planning

## BAR MEMBERSHIPS

1977 - VIRGINIA AND FOURTH CIRCUIT (RTD.)
1978 – FLORIDA (RTD.)
1978 - DISTRICT OF COLUMBIA AND D.C. CIRCUIT (RTD.)
1980 - MARYLAND, FEDERAL COURTS (RTD.)
1981 - UNITED STATES SUPREME COURT (RTD.)
1989 – PENNSYLVANIA (RTD.)
1997 – MARYLAND (RTD.)

## FELLOWSHIPS

1972-73 - New York City Urban Fellowship - Office of the Mayor, City of New York

## LECTURES

2005 – *JOB AND THE JEWISH TRADITION OF COUNTER-TESTIMONY* -   ST. JOHN'S COLLEGE, ANNAPOLIS – FRIDAY NIGHT COLLEGE FORMAL LECTURE SERIES

## AWARDS AND HONORS

 2010 – VIRGINIA BUSINESS JOURNAL (DEC. 2010) – LEGAL ELITE –
PROFILE LAWYER OF THE YEAR – CIVIL LITIGATION

2011 – BEST LAWYERS – LAWYER OF THE YEAR – LEGAL MALPRACTICE LAW
          (MARYLAND/DISTRICT OF COLUMBIA/VIRGINIA)

2012 – BEST LAWYERS – LAWYER OF THE YEAR – PROFESSIONAL MALPRACTICE LAW
          (MARYLAND/DISTRICT OF COLUMBIA/VIRGINIA)

2014 – BEST LAWYERS – LAWYER OF THE YEAR – LEGAL MALPRACTICE LAW (MARYLAND/DISTRICT OF COLUMBIA/VIRGINIA)

2015 - BEST LAWYERS – LAWYER OF THE YEAR – PROFESSIONAL MALPRACTICE LAW (MARYLAND/DISTRICT OF COLUMBIA/VIRGINIA)

2015 – VIRGINIA LAWYERS', LEADERS IN THE LAW- 2015

2017 - BEST LAWYERS – LAWYER OF THE YEAR – PROFESSIONAL MALPRACTICE LAW (MARYLAND/DISTRICT OF COLUMBIA/VIRGINIA)

2017 – WASHINGTONIAN MAGAZINE TOP LAWYERS – CIVIL LITIGATION DEFENSE

2017 – VIRGINIA SUPER LAWYERS – PROFESSIONAL LIABILITY DEFENSE

## PUBLICATIONS

THE OFFICE OF PUBLIC COUNSEL: INSTITUTIONALIZING PUBLIC INTEREST REPRESENTATION IN STATE GOVERNMENT, 64 Georgetown Law Journal 895-923 (1977)

GROSSING UP OPERATING COSTS – IT'S NOT FAIR AT ALL, *Washington Lawyer,* January/February 1988

DON'T TINKER WITH IT, REFORM IT!  A RESPONSE TO THE RECENT REPORT OF THE COUNCIL FOR COURT EXCELLENCE AND AN ARGUMENT FOR THE BRITISH RULE, *Washington Lawyer*, July/August 1989

FAILURE-TO-BE-WATCHDOG CLAIM CARRIES ONE-YEAR STATUTE, *Virginia Lawyers Weekly*, June 29, 1992 (with Danny M. Howell)

THE ANATOMY OF AN S&L LAWSUIT: FDIC'S STRATEGY OF SQUEEZING SETTLEMENTS FROM DEEP POCKETS REGARDLESS OF EVIDENCE OF WRONGDOING, *Washington Legal Foundation*, January 1993 (with Danny M. Howell)

LEGAL LIABILITIES AND ETHICAL PROBLEMS WHEN REAL ESTATE PROFESSIONALS ACT AS PRINCIPALS, *The Corridor Real Estate Journal*, June 18, 1993 (Part I) and June 25, 1993 (Part 2)

HIRING AND HEADHUNTERS; AVOIDING LIABILITY YOU DON'T BARGAIN FOR, *HR Magazine* (On Human Resource Management), September 1993

WAIST DEEP IN THE BIG MUDDY -- THE RELATIONSHIP AMONG INSURER, INSURED AND DEFENSE COUNSEL, *The Helix Jourl*, Summer 1

PUTTING TEETH INTO YOUR MANAGEMENT TRAINING PROGRAM (with Douglas D. Katz), *HR Focus*, May 1998

2

WHAT IT TAKES TO TRAIN FRONT-LINE MANAGERS (with Douglas D. Katz), *CCH Incorporated, Human Resources Management*, May 6, 1998, Issue NO. 431

CAN AN ATTORNEY SERVE TWO MASTERS?  THE RELATIONSHIP AMONG INSURER, INSURED AND DEFENSE COUNSEL, *VBA News Journal*, September 1998

A View From The Trenches: Defense Counsel's Perspective, *Today's Lawyer,* August 2000

For the Sin We Have Committed by Theological Rationalization:  Rescuing Job from Normative Religion, *Soundings: An Interdisciplinary Journal*, Vol. LXXXVI, No. 3-4, Fall/Winter 2003, pp. 431-62.

The Guilty Plea, *The National Law Journal,* December 20, 2010
Our Holy Grandfather: A Reassessment of Korach, *Conservative Judaism,* Vol. 65 No. 3, Spring 2014, pp. 69-88.

Five Rules of Trial Advocacy, *The Journal of Civil Litigation*, Vol. XXVIII, No. 4, Winter 2016-17, pp. 835-838

A Rumination on a Creational Covenant, the Outstretched Arm of Abraham and the Death of Sarah, *The CCAR Journal*, *The Reform Jewish Quarterly,* Spring 2017, pp. 60-73

## EMPLOYMENT

### SCHRAUBLAW
### MANAGING PARTNER
### 2019 – 2021

Sole proprietorship specializing in insurance appeals, coverage representation, employment counseling and risk management services

### SANDS ANDERSON PC,
### MANAGING DIRECTOR – WASHINGTON REGIONAL OFFICE
### MCLEAN, VIRGINIA
### 2003 – 2018

In May, 2003, I merged my prior firm with Sands Anderson PC and since then have been the Managing Director of the Washington, D.C. Regional Office.  Sands Anderson is a full-service regional law firm with approximately 70 attorneys in four offices in Virginia and North Carolina.

As with my previous firms, I chaired the professional liability defense practice and specialize in corporate risk management, high-risk professional liability defense for officers and directors, lawyers and health care professionals, employment and human resources counseling and general corporate representation.  I have handled transactional negotiations, arbitrations, and been lead defense counsel in professional liability cases  in jury and non-jury trials in federal and state courts.

In risk management and litigation, I have represented a wide range of employers as well as health care professionals, attorneys, accountants, architects, engineers, real estate brokers, title insurance companies and corporate officers and directors.

I have also served as lead counsel in appellate cases in the United States Court of Appeals for the District of Columbia Circuit and the Fourth Circuit, as well as the District of Columbia Court of Appeals, the Virginia Supreme Court and the Maryland Court of Appeals. I have substantial experience in supervising and training teams of attorneys and in law firm management.

A representative list of litigation matters in which I have been lead counsel is attached and includes:

- Defense counsel in multiple civil cases for lead target in D.C. election fraud conspiracy issues. (2014)

* Lead defense counsel in SEC and Receiver investigation of third party legal service providers in national Ponzi scheme (2010).

* Lead defense counsel in complex commercial arbitration and related litigation involving long term operations contract for privately owned toll road (2009). <u>Autostrade International of Virginia O&M, Inc. v.Toll Road Investors Partnership II</u>, (Cir. Ct of Fairfax County)

* Lead defense counsel for General Counsel and former officers of multi-state family of reciprocal professional liability insurance companies in multi-district federal and state receivership insurance fraud, RICO and contract lawsuits. <u>In Re Reciprocal Sales Practices Litigation</u>, (USDC, WD Tenn. )

* Lead defense counsel in Title VII, employment discrimination cases alleging race, sex and workplace harassment. All four cases were dismissed on summary judgment in the United States District Court for the Eastern District of Virginia and affirmed by the 4th Circuit Court of Appeals. <u>McCorkle v. VEDA, Inc</u>., 153 F3d 560 (4th Cir. 1998); <u>Hailstone v. VEDA, Inc</u>., 116 F.3d 472 (4th Cir. 1997)

* Lead defense counsel in multiple, complex medical and legal malpractice defense cases tried to conclusion to juries in Virginia and Maryland.

* Lead defense counsel in <u>FDIC v. Thomas S. Leonard et al.</u>, (C.A. 91-1173-A, U.S.D.C. E.D. Va.). In that case, we won summary judgment on behalf of former directors and attorneys of a failed federally-insured savings institution against claims by the FDIC totaling in excess of $15 million. The case involved numerous "cutting edge" issues with respect to attorney liability, director liability, statute of limitations analysis, application of FIRREA and bank regulator duties. This case received national attention as the most successful effort to date in restraining the expansive interpretation by the FDIC/RTC of its powers under federal law. I served

as lead counsel for all appellees in the successful defense of the appeal of this case to the Fourth Circuit. FDIC v. Cocke, 7 F.3d 396 (4th Cir. 1993).

* Lead defense counsel for outside directors of Dominion Federal Savings & Loan Association in defending claims brought by the Resolution Trust Company (RTC). Again we succeeded in having the claims dismissed on motion. Resolution Trust Company v. Walde, 856 F. Sup. 281 (E.D. Va. 1994).

* Lead defense counsel for outside directors of the Home Owners Warranty Corporation (HOW) in defending claims totaling $120 million for fraud, negligence and breach of fiduciary duty brought by the Virginia Insurance Commissioner after HOW's insolvency. Foster v. Spies, et al., C.A. No. 3:95CV832 (U.S.D.C. E.D. Va.). Our clients were dismissed from the case.

* Lead defense counsel for the County Attorney and for the County of Dinwiddie, Virginia, in connection with a multi-million dollar securities fraud and common law action brought by bondholders and related entities in both federal and state courts in connection with certain industrial development bond issues. In that capacity, we were successful in having the federal securities claim dismissed and the dismissal sustained on appeal to the Fourth Circuit. Gasner v. County Bd of Sup'vsrs, Dinwiddie County, 103 F3d 351 (4th Cir. 1996). The pendent state claims were also dismissed and the dismissal upheld by the Virginia Supreme Court. Caudill v. County of Dinwiddie, 259 Va. 785, 529 SE2d 313 (2000)

* Lead plaintiffs' counsel on behalf of a class of 250 foreign investors in a securities fraud class action in the United States District Court for the Southern District of New York. Ohman, et al. v. Kahn, et al., 685 F Supp 1302 (SDNY 1988). I represented the plaintiffs in this action through a consortium of their respective Swedish insurance companies and secured a $20 million judgment.

* Lead counsel in landmark case in the District of Columbia Court of Appeals on behalf of a real estate management company which resulted in the extension of the protection of judicial immunity to court-appointed receivers under the District's Master Meter Act. Capital Terrace, Inc. v. Shannon & Luchs Co., 564 A.2d 49 (D.C.C.A. 1989).

**SCHRAUB, HOWELL & COMPANY, CHTD., A PROFESSIONAL LAW CORPORATION**
**McLean, Virginia**
**1997 - 2003**
In March, 1997, I left a large, national law firm together with the professional liability defense group that I chaired, to form a boutique firm specializing in corporate risk counseling, employment and human resources counseling for employers and professional liability defense and coverage representation.

**ROBINS, KAPLAN, MILLER & CIRESI**
**Washington, D.C.**
**Partner; Chair, Professional Liability Defense Group**
**1993-1997**
I was a partner in the Washington office of a 220-attorney Minneapolis-based law firm and continued to specialize in professional liability and E&O defense work, complex commercial litigation, employment and general transactional work.

**MELROD, REDMAN & GARTLAN, A PROFESSIONAL CORPORATION**
**Washington, D.C.**
**1991-1993:  Director**
**1992-1993:  Chairman, Firm Management Committee**
**1977-1983:  Associate**
Full responsibility for conduct of all phases of diverse civil litigation, including extensive experience in preparation and conduct of jury and bench trials in federal and state courts, representation of banks, real estate interests and general contractors in prosecuting and defending complex commercial litigation.  Extensive practice in zoning and planning law before local administrative agencies.  Appellate litigation in both civil and court-appointed criminal cases.  Representation of both employer and employee interests in employment discrimination cases.

**GOLDEN, FREDA & SCHRAUB, P.C.**
**Washington, D.C.**
**1983-1990**
I was founder of the firm and chairman of the litigation and employment section.  The firm was founded with four attorneys and grew to 25 attorneys.

**PROFESSIONAL ACTIVITIES**

Founding chairman, Virginia Bar Association insurance committee, 1998

Virginia Association of Defense Attorneys, 1999

General Counsel, The National Kidney Foundation, 1991-1996

General Counsel, United States Supreme Court Historical Society, 1988-1994
Director, Brazilian American Cultural Institute, 1986-2004;
Chairman of the Board of Directors, 1991- 2004

Member, Permanent Panel of Arbitrators, American Arbitration Association, 1989-1998

Arbitrator, Multi-Door Dispute Resolution Program, Superior Court of the District of Columbia, 1990-2008

Member, Committee on Alternative Dispute Resolution Section of Litigation, American Bar Association, 1989

Member, Board of Directors, Symphony Orchestra League of Alexandria, Virginia, 1997- 1998

Member, Permanent Panel of Arbitrators, National Arbitration Forum, 2006 – 2009

Member, Permanent Panel of Mediators and Arbitrators, Forum, 2014 - present

## REPRESENTATIVE TRIALS, APPEALS, INJUNCTIONS AND MAJOR CONTESTED DISPOSITIVE MOTIONS

Williams v. Swenson, Record No. 170538 (Virginia Supreme Court, April 5, 2018) (Decision affirming jury verdict for Orthopedic Surgeon)

Miller v. Davis, (Circuit Court for Baltimore County, Md., 2017 (medical malpractice, neurosurgery) – DEFENSE VERDICT

Armacost v. Davis, 217 Md. App. LEXIS 895 (Md. Ct. of Spec. App. 2017), (reversal of jury verdict against neurosurgeon based on errors in instructions by the Court – decided issue of first impression in Maryland)

Leslie A. West, Adm'r v. John F. Rodgers, Esq., (Circuit Court for the City of Alexandria, Va. 2017) (legal malpractice defense) (summary judgment awarded to lawyer on malpractice claim over failure to timely file federal estate tax return)

Mayr, et al., v. Osborne, 795 S.E.2d 731 (Va. S. Ct. 2017) (Judgment against neurosurgeon reversed and existing Virginia law changed to eliminate battery as a cause of action for medical malpractice)

Healy v. BWW Law Group, et al., 2017 U.S. Dist. LEXIS 8642 (D. Md. 2017), (Summary Judgment for law firm on FDCPA and RICO lawsuit)

Woodroof v Cunningham & Associates , 147 A.3d 777 (D.C.C.A. 2016) (legal malpractice defense) (Affirming dismissal for arbitration)

Curtin v Commonwealth Orthopedics, et al., (Fairfax County Cir Ct 2016) (medical malpractice – jury)   DEFENSE VERDICT

Rainey v. Maseer Bade, M.D. (Fairfax County Cir. Ct., 2016) (medical malpractice defense – jury) DEFENSE VERDICT

7

N.O. a Minor by her mother Christine Orwig v. Mark Alembik, M.D. and About Women OB/Gyn, PC (United States District Court of the Eastern District of Virginia, 2016) (Virginia double cap medical malpractice lawsuit) DEFENSE VERDICT, *aff'd* 2017 U.S. App. LEXIS 10025 (4th Cir. June 6, 2017)

Rocha v. Brown & Gould, LLC, No. 15-7053 (United States Court of Appeals for the District of Columbia Circuit), ( Per Curiam Opinion AFFIRMING District Court grant of Summary Judgment)

Rocha v. Brown & Gould, LLC, 101 F. Supp. 3d 52, (D.D.C. 2015) (Summary Judgment for Defendant Law firm in $10 million legal malpractice case)

Leigh Ann Nagosky, as Administrator of the Estate of Michael Nagosky v. Mathew Mayr, M.D. and Neurosurgical Associates PC, (Chesterfield County Cir. Ct 2015) (medical malpractice-wrongful death defense – jury) – DEFENSE VERDICT

McFadden v. Kiernan, (Virginia Supreme Court, 2015) (medical malpractice defense – DEFENSE VERDICT -AFFIRMED)

Davis v. About Women Ob-Gyn, (Stafford County Cir. Ct. 2013) (medical malpractice defense – jury) DEFENSE VERDICT

McFadden v. Kiernan, (Fairfax County Cir. Ct. 2013) (medical malpractice defense – jury) DEFENSE VERDICT

Andaracua v. Soutter, (Fairfax County Cir. Ct. 2013) (medical malpractice defense – jury) DEFENSE VERDICT

Madahusudhan v. Pediatric Surgical Associates, PC, et. al (Fairfax County Cir. Ct. 2013) (medical malpractice defense – jury) DEFENSE VERDICT

Lembach v. Stewart, 528 Fed. Appx. 297, (4th Cir. 2013) (Opinion affirming dismissal of FDCPA and related Maryland state law fraud claims against Maryland law firm)

Stewart v. Bierman, 859 F. Supp.2d 754 (D. Md. 2012) (Dismissal of class action FDCPA suit)

Lord v. Bank of America, et. al (Cir. Ct. for Anne Arundel County, Md., Nov. 2012) (dismissal of FDCPA claim)

Martinez-Vargas v. Virginia Womens' Health Associates Ltd., (Prince William County Cir. Ct. 2011) (medical malpractice defense – jury) PLAINTIFF VERDICT

Shurberg v. Minnesota Mutual Insurance Co., 2011 U.S. Dist. LEXIS 40077 (D. Md. 2011) (summary judgment for insurance company on duty to defend claim)

8

Estate of Webster v. Fairfax Neonatal Associates (Prince William County Cir. Ct. 2010) (medical malpractice defense – jury) DEFENSE VERDICT

In Re Dulles Greenway Arbitration (4 day arbitration hearing on commercial O&M Agreement) (2009)

Clements v. Hashemi, (Fairfax County Cir. Ct. 2009) (medical malpractice defense – jury) DEFENSE VERDICT

Smith v. Kim, 277 Va. 486, 675 SE2d 193 (2009) (Affirming verdict -- medical malpractice defense - jury). DEFENSE VERDICT

Butler v. Trivedi (I and II) (Cir. Ct. City of Alexandria 2008/2009) (medical malpractice defense - jury) HUNG JURY/ PLAINTIFF VERDICT

Smith v. Gastroenterology Associates of Northern Virginia (Kim) (Fairfax County Cir. Ct. 2008) (medical malpractice defense - jury) DEFENSE VERDICT

Goode v. Commonwealth Orthopedic (Fairfax County Cir. Ct. 2008) (medical malpractice defense - jury) DEFENSE VERDICT

Cagle v. Child Cardiology Associates (Fairfax County Cir. Ct. 2006) (medical malpractice defense - jury) DEFENSE VERDICT

Da Silva v. Child Cardiology Associates (Montgomery County, Md., Cir. Ct. 2007) (medical malpractice defense - jury) DEFENSE VERDICT

Falk v. Vaswani (Fairfax County Cir. Ct. 2005) (medical malpractice defense - jury) DEFENSE VERDICT

Brown v. Slenker (I), 220 F.3d 411 (5th Cir. 2000) rev'g 47 FS 2d 754 (MD La. 1999) (legal malpractice defense - jury)

Brown v. Slenker (II), 197, F. Supp2d 497 (EDVA 2003) (partial SJ followed by jury trial and directed verdict) (legal malpractice defense - jury) DEFENSE – DIRECTED VERDICT

Sanders v. Friedlander, (Cir. Ct. City of Alexandria 2004) (legal malpractice defense - jury) DEFENSE VERDICT

Legion Ins. Co., et al. v. Arnstein & Lehr, et al., (USDC D. Minn. 2000) (legal malpractice – plaintiff - jury)

Chopek v. Will, (Culpepper Cir. Ct. 2003) (legal malpractice defense - jury)

Falb v. Silverstein & Mullens (D.C. Super. Ct. 1993) (Fraud and breach of fid. Duty – plaintiff - jury)

Heu v. Im . (Fairfax County Cir. Ct. 1989) (legal malpractice defense - jury)

9

Kuhn v. Kephart ( Prince William County Cir. Ct. 1987) (fraud breach of fiduciary duty – plaintiff)

Friendly Ice Cream Inc. v. Beckner, 268 Va. 23,  597 SE2d 34 (2004) (rev'g chancellor's ruling after trial finding undue influence - defense)

Stepp v. Foster, 259 Va. 785,  524 SE2d 866 (2000) (breach of fiduciary duty – real estate trust – plaintiff)

In Re Lloyd Martin, (US Bkrptcy Ct., EDVA 2002) ( legal malpractice - defense)

Taylor v. Harvie, 47 Va. Cir. 246 (1998) (legal malpractice - defense)

Great American Insurance Co. v. Gross, 468 F.3d 199 (4th Cir. 2006), rev'g 2005 WL 2009284 (EDVA) (insurance coverage for RICO claim -  Defense)

In Re Reciprocal Sales Practice Litigation, 207 WL 2900286 (WD Tenn.) (RICO class action – defense)

Snyder-Falkinham v. Stockburger, 53 Fed Appx 243 (4th Cir. 2002) (legal malpractice- defense)

Red Sage LP v. Despa Europa, 254 F.3d 1120 (DC Cir. 2001), aff'g 2000WL 3342276 (DDC) (real estate lease dispute – defendant)

Amond v. Brincefield, Hartnett & Assoc.,PC, 173 F.3d 1013 (4th Cir. 1998) (legal malpractice – defense)

McCorkle v. VEDA, Inc., 153 F.3d 560 (4th Cir. 1998) (Title VII – defense)

Hailstone v. VEDA, Inc., 116 F.3d 472 (4th Cir. 1997) (Title VII- defense)

Gasner v. County Bd of Sup'vsrs, Dinwiddie County, 103 F.3d 351 (4th Cir. 1996) (securities fraud – defense)

Cummings v. Hanson, 73 F.3d 355 (1st Cir. 1995) (legal malpractice – defense)

FDIC v. Cocke, 7 F.3d 396 (4th Cir. 1993) (RICO defense for Bank directors - defense)

Kaplan v. Hirsch, 696 F.2d 1046 (4th Cir. 1982, rev'g 91 FRD 106 (D. Md. 1981) (mandamus of USDC Clerk - defense)

American Security Bank v. John Y. Harrison Realty Inc., 670 F.2d 317 (DC Cir. 1982) (banking issues - defense)

Shivers v. Landrieu, 674 F.2d 906 (DC Cir. 1981) ( dismissal of private right of action under National Housing Act - defense)

Minnesota Lawyers Mutual v. Hahn, 355 FS2d 104 (DDC 2004) (DJ action to rescind professional liability policy – plaintiff)

Travelers Indemnity Co. v. Miller Bldg, 142 Fed Appx 147 (4th Cir. 2005) rev'g 2003 WL 23512080 (EDVA) (summary judgment on coverage for CGL policy)

Aarons v. Lalime, 3 FSupp.2d 314 (WDNY 1998) (RICO claims - defense)

Resolution Trust Corp. v. Walde, 856 F Supp 28 (EDVA 1994) (SJ for bank directors in RICO claim - defense)

Ohman v. Kahn, 685 F Supp 1302 (SDNY 1988) ( securities fraud class action – plaintiff)

Redwood Center LP v. Riggs Nat'l Bank, 737 F Supp 671 (DDC 1996) (injunction in banking and real estate matter – plaintiff)

Eacho v. ND Resources, 1984 WL 2398 (DDC 1984 (securities fraud – plaintiff)

Beale v. American National Lawyers Insurance Reciprocal, 379 Md. 643, 843 A2d 78 (2004 (DJ on professional liability policy – plaintiff)

Caudill v. County of Dinwiddie, 259 Va. 785, 529 SE2d 313 (2000) (securities fraud – defense)
Capitol Terrace Inc. Shannon & Luchs Inc., 564 A.2d 49 (DCCA 1989) ( immunity of court appointed receiver – defense)

1010 Potomac Associates v. Grocery Manuf. Ass'n, 485 A.2d 199 (DCCA 1984) (injunction – real estate lease – defense)

Foggy Bottom Citizens Ass'n v. DC ABC Board, 445 A.2d 643 (DCCA 1982) (liquor license dispute)

Dupont Circle Citizens Ass'n v. DC Zoning Commission, 426 A.2d 327 (DCCA 1981) (review of PUD approval – defense)

In Re Miller, 218 Va. 939, 243 SE2d 464 (1978) (pro bono appeal for WLDF of denial of name change after divorce)