IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.  DLB-20-00337 |
| STEPHEN L. SNYDER, | |
| Defendant. | |

### GOVERNMENT'S MOTIONS IN LIMINE NOS. 8 AND 9

The United States of America, by its undersigned counsel, submits these Motions in Limine and requests that the Court order Defendant Stephen L. Snyder ("Snyder") to:  (1) provide the Government with an exhibit list, his exhibits, and a witness list; and (2) provide Rule 16 reciprocal discovery.

I.   MOTOIN IN LIMINE NO. 8

The United States is requesting that the Court order Snyder to provide the Government with an exhibit list, a witness list, and copies of his exhibits, no later than Friday, November 8, 2024.[1]  The Court previously stated that it would not require Snyder to produce an exhibit list because the Government bears the burden of proof in the case; however, the Court has the discretion to order the parties to exchange exhibit lists.  *United States v. Bartko*, 2010 WL 3984603, at *2 (E.D.N.C. Oct. 8, 2010) ("Whether to order the disclosure of an exhibit list . . . lies within the sound discretion of the court.")  Likewise, the Fourth Circuit has found that exchanging witness lists prior to trial is permitted and does not violate a defendant's constitutional rights.  *See United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996).

---

[1] The Government is not seeking an exhibit list for documents reserved solely for impeachment.

1

As explained here, the mutual exchange of exhibit lists will facilitate a streamlined presentation of the evidence to the jury. Further, the concerns discussed herein are exacerbated by Snyder's failure to produce Rule 16 discovery.

It is common practice for the parties to exchange exhibit lists and witness lists in this District, as doing so streamlines the trial so that any evidentiary issues can be resolved either before trial or outside the presence of the jury. If the Government does not have Snyder's exhibits in advance, then the Government will be forced to litigate the authenticity and admissibility of every exhibit in front of the jury. The Court's Local Rule 107.5(b), which permits the admission of exhibits once identified, further complicates this issue. If Snyder does not provide his exhibits to the Government in advance, then the Government will have to object to every piece of evidence that Snyder introduces, review it, then decide whether to maintain the objection. This will unnecessarily prolong the trial and waste the jury's time. If the Government has an exhibit list ahead of time, then the Government can address any potential objections outside the presence of the jury and the evidence can be admitted efficiently in the presence of the jury.

These concerns are exacerbated by Snyder's failure to produce Rule 16 discovery. If Snyder had produced reciprocal discovery meaningfully in advance of trial, then the Government would have had an opportunity to review and digest those documents prior to trial. Thus, even if Snyder did not provide an exhibit list, the Government would still have familiarity with the documents that Snyder sought to use at trial. Now, however, with no reciprocal discovery, and with limited time before trial, the Government will likely be surprised by any exhibit used at trial, and the logistical delays discussed above will impede the trial. As a consequence of Snyder's failure to timely produce Rule 16 discovery, the Court should order him to provide an exhibit list, his exhibits, and a witness list no later than Friday, November 8, 2024.

## II.     MOTION IN LIMINE NO. 9

On March 19, 2024, Snyder requested discovery for the first time in the litigation, and in an email on March 20, he stated "I will honor my reciprocal obligations to produce discovery." To date, he has not provided any discovery. Although Snyder claims to have produced discovery to the Government at the hearing on the motions to dismiss, the only documents he provided to the Government were power point slides that he presented at the hearing. Additionally, during the Pretrial Conference, Snyder hinted that he may be retaining an additional expert witness. Snyder has not provided a disclosure that complies with Rule 16(a)(1)(G). Snyder's ongoing failure to comply with Rule 16 is jeopardizing the trial date. The United States is requesting that the Court order Snyder to immediately comply with his disclosure obligations under Rule 16. The Government is not waiving any relief that it might seek after what is already an untimely disclosure.

Erek L. Barron
United States Attorney

___/s/_____
Matthew P. Phelps
Evelyn L. Cusson
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on the defendant via first class mail to the following address:

Stephen L. Snyder
7307 Park Heights Avenue, Apt. 200
Encore Building,
Pikesville, Maryland 21208

___/s/_____
Matthew P. Phelps
Evelyn L. Cusson
Assistant United States Attorney