IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **v.** <br><br> **STEPHEN L. SNYDER,** <br><br> **Defendant** | **Criminal No. DLB 20-337** |

## UNITED STATES' SUPPLMENTAL MOTION TO SEAL

The United States, by its undersigned counsel, files this Supplemental Motion to Seal its Motion in Limine No. 7 and *Jencks* Disclosure. To seal a document the government must demonstrate that: (1) there is a compelling government interest requiring materials to be kept under seal; and (2) there is no less restrictive means, such as redaction, available. *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584 (D. Md. 2004). The Government is moving to seal its filing for four reasons.

First, the filing contains a discussion of the Government's deliberative process, which is privileged. *See*, *e.g.*, *Freeman v. U.S. Dept. of Justice*, 723 F. Supp. 1115, 1121 (D. Md. 1988). The privilege protects from disclosure evidence that is predecisional and deliberative in nature, containing opinions, recommendations, or advice about agency decisions. *See Renegotiations Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975). In this Court's decision in *Freeman*, the Court stated that the privilege "serves the primary purpose of permitting agency decision-makers to engage in that frank exchange of opinions and recommendations necessary to the formulation of policy without being inhibited by fear of later public disclosure." *Id.* at 1121 (citing *Paisley v. Central Intelligence Agency*, 712 F.2d 686, 697-98 (D.C. Cir. 1983), vacated in part, 724 F.2d 201 (D.C. Cir. 1984)). This Court further stated that the deliberative process privilege is

"tailor made" for a "prosecutor's review and assessment of evidence to determine whether to initiate a prosecution." *Id.* (quoting *Fund for Constitutional Government v. National Archives and Records Service*, 485 F. Supp. 1, 13 (D.D.C. 1978)).  The D.C. Circuit made similar comments as recently as 2022:

> As a general matter, records reflecting prosecutors' views on whether the evidence in a case supports initiating a prosecution will qualify for protection under the deliberative-process privilege. That is because an analysis of the sufficiency of the evidence would typically relate to the ultimate decision of whether to bring charges. Accordingly, several decisions have held that prosecutors' notes and internal communications about whether to file charges are exempt from disclosure under the deliberative-process privilege. *See Gov't Accountability Project v. DOJ*, 852 F. Supp. 2d 14, 26 (D.D.C. 2012); *Kishore v. DOJ*, 575 F. Supp. 2d 243, 259–60 (D.D.C. 2008); *Jackson v. USAO*, 293 F. Supp. 2d 34, 39–41 (D.D.C. 2003). Ordinarily, the government would have little difficulty establishing that a prosecutor's views about the sufficiency of the evidence form part of a privileged decisional process about whether to initiate or decline a prosecution.

*Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*, 45 F.4th 963, 973 (D.C. Cir. 2022).  The language quoted in the Government's Motion falls squarely within the courts' statements in *Freeman* and *Citizens for Resp. & Ethics in Washington*.  Further, disclosing the government's deliberations would "discourage candid discussion . . . and thereby undermine the agency's ability to perform its functions." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 979-80 (9th Cir. 2009).  If these types of deliberations become public, then documents such as those referenced in the Motion are likely to become vague, sanitized, and unhelpful to the agency.

While the government's deliberations are privileged, factual matters are not privileged.  *See EPA v. Mink*, 410 U.S. 73, 87-89 (1973).  One may argue that the existence of the documents identified in the Government's Motion – not their contents but their existence – is not privileged.  However, where factual matters are inextricably intertwined with the deliberative recommendation, then the information can remain privileged.  *See Mead Data Cent., Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 256 (D.C. Cir. 1977) ("In some circumstances . . . the

disclosure of even purely factual material may so expose the deliberative process within an agency" that the information remains privileged.)  Here, disclosing the existence of the documents would implicitly expose the deliberations that went into creating those documents.

Second, it is generally the policy of the Department of Justice to not disclose charging decisions in a criminal case under Department of Justice Policy related to the Disclosure of Information Concerning Ongoing Criminal, Civil, or Administrative Investigations, JM 1-7.400.D.

Third, the filing contains a discussion of matters that occurred before the grand jury, which are secret under Rule 6(e) of the Federal Rules of Criminal Procedure.

Finally, the Government's filing discusses matters related to the relevant FBI Special Agent that is not covered by the bases for sealing discussed above.  The proposed sealed information related to the Government's deliberative process, however, explains why the agent engaged in the conduct discussed in the Motion.  Disclosing the agent's conduct without disclosing the reason for the agent's conduct would likely lead to the misperception that the agent engaged in malfeasance.  This is unfairly prejudicial to the agent and so the entire filing should remain sealed.

WHEREFORE, the United States requests that the Court grant its Supplemental Motion to Seal.

                                                               Erek L. Barron
                                                               United States Attorney

                                                                ___/s/_____
                                                               Matthew P. Phelps
                                                               Evelyn L. Cusson
                                                               Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that this filing was served on the defendant via first class mail to the following address:

Stephen L. Snyder
7307 Park Heights Avenue, Apt. 200
Encore Building
Pikesville, Maryland 21208

                                              ___/s/_____
                                              Matthew P. Phelps