IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**STEPHEN L. SNYDER,**<br><br>Defendant | **Criminal No. DLB 20-337** |

### UNITED STATES' OPPOSITION TO DEFENDANT'S THIRD MOTINO TO DISMISS

The United States, by its undersigned counsel, submits this Opposition to Defendant Stephen L. Snyder's Third Motion to Dismiss.

**A. Snyder is not entitled to any relief related FBI Special Agent Dan Rzepecki's emails.**

The circumstances surrounding SA Rzepecki's 2018 emails are discussed in the Government's sealed filing at ECF No. 235. The Government has obtained emails involving SA Rzepecki in 2018 from the people he would have emailed, including his co-case agent, his supervisor, the prosecutor, and the witnesses. Those emails, which span 69 pages, are attached as Exhibit 1.

In *Arizona v. Youngblood*, 488 U.S. 51 (1988), the Supreme Court held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58. Snyder has no evidence of bad faith, nor can he show that the emails would have been potentially useful based on the emails that have been obtained. Snyder seemingly concedes this point but he requests an adverse inference jury instruction under the Fourth Circuit's holding in *United States v. Johnson*, 996 F.3d 200 (4th Cir. 2021).

Snyder, however, is not entitled to an adverse inference instruction under *Johnson*. As the Fourth Circuit stated, the adverse inference instruction is only appropriate where there is "a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction." *Id.* at 206 (quoting *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995)). Snyder has no evidence that SA Rzepecki willfully engaged in any conduct related to evidence that he knew was relevant to Snyder's trial. Again, any concern about SA Rzepecki's emails is mitigated by the 69 pages of emails the Government obtained from the people that SA Rzepecki would have emailed in connection with the investigation.

B. **The June 22, 2018 meeting was not recorded. The recording is of Snyder's own dictation.**

Snyder contends that the June 22, 2018 meeting was unlawfully recorded by UMMS personnel. It was not. Soon after the June meeting, Snyder gave UMMS a video recording of his own dictation for the written remarks that he gave at the June meeting. The video is attached as Exhibit 2. The video appears to be a recording of a tape recorder that is playing Snyder's dictated remarks for the June meeting. The camera is pointed at the tape recorder for the entire recording, and no one else is seen or heard on the video. The Government produced the audio of the recording in its first production to Snyder on May 28, 2024. The Government is working to determine why it only possesses the audio version of the recording and not the video; however, the Government obtained the video today and is providing it here. In any case, the recording is obviously a dictation, as demonstrated by Snyder's frequent use of the phrase, "new paragraph." The dictation is also identical to the written script Snyder prepared for the June meeting, which is attached as Exhibit 3. The Court can further tell that the recording is a dictation because Snyder asks a question and no one responds. UMMS did not record the June 22, 2018 meeting, and Snyder is not entitled to any relief.

### C. The Government had no obligation to record every phone call with Snyder, and the Government did not transcribe any of the phone calls.

Snyder argues that the Government violated his due process rights because it recorded phone calls from UMMS representative Ms. Kinter to Snyder, but not phone calls from Snyder to Ms. Kinter.[1]  The Fourth Circuit, however, has stated that the government "is not required to create evidence that might be helpful to the defense."  *Werth v. United States*, 493 Fed. Appx. 361, 366 (4th Cir. 2012).  Other courts have held the same. *See United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011); *United States v. Alverio-Melendez*, 640 F.3d 412, 424 (1st Cir. 2011); *United States v. Nguyen*, 98 Fed. Appx. 608, 609 (9th Cir. 2004) ("*Brady* does not require the government to interview witnesses or otherwise create exculpatory evidence not then in existence."); *United States v. Rodarte*, 596 F.2d 141, 145-46 (5th Cir. 1979) *United States v. Riley*, 657 F.2d 1377, 1386 (8th Cir. 1981); *United States v. Ducore*, 309 F. Supp. 3d 436, 439 (D. Md. 2018).

Snyder also argues that the Government violated his due process by not providing transcripts for two phone calls, although Snyder admits that the Government provided the actual recordings.  Contrary to Snyder's Motion, the Government did not transcribe any of the phone calls.  Bar counsel hired Veritext to transcribe the calls during the Attorney Grievance Commission investigation.  Snyder also has the recordings themselves, and he can obtain an accurate transcription.

WHEREFORE, the United States requests that the Court deny Snyder's Third Motion to Dismiss.

Erek L. Barron<br>
United States Attorney

---

[1] Logistically, it is not clear how Snyder expects the FBI to record a call initiated by Snyder.

        ___/s/_____
        Matthew P. Phelps
        Evelyn L. Cusson
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on the defendant via first class mail to the following address:

Stephen L. Snyder
7307 Park Heights Avenue, Apt. 200
Encore Building
Pikesville, Maryland 21208

        ___/s/_____
        Matthew P. Phelps