```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA          *

    V.                            *   Case No. DLB-20-00337

STEPHEN L. SNYDER                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**SNYDER'S SUPPLEMENT TO DEFENDANT'S MOTION TO DISMISS
INDICTMENT WITH PREJUDICE**

Now comes the Defendant, Stephen L. Snyder, *pro se*, and in support of Snyder's Supplement to Defendant's Motion to Dismiss Indictment with Prejudice, says as follows:[1]

**Factual Background**

Mr. Snyder is charged with attempted extortion, in violation of 18 U.S.C. 1951; and violations of the Travel Act, in violation of 18 U.S.C. 1952.

The allegations grew out of the transplanting of a kidney in the person of, as the Indictment identifies him, "Client 2" by a doctor who was employed by the University of Maryland Medial System ("UMMS").  The representation of Client 2 and his estate forms the basis of this prosecution.  Client 2 became a client of Mr. Snyder in January of 2018, following his surgery in January of 2017.  This surgery performed on Client 2 followed surgery of Mr. Snyder's "Client 1" who had a pancreas transplant

---

[1] ECF 259 was filed in error.  The Court had not yet ruled on ECF 247 as ECF 259 states.  This filing is a supplement to ECF 247.

1

by UMMS personnel.  Mr. Snyder succeeded in settling the malpractice case for Client 1 against UMMS on February 28, 2019.

The gravamen of the attempted extortion charge as well as the Travel Act counts that are allegations in furtherance of the alleged extortion scheme is that Mr. Snyder tried to extract from UMMS monies for himself to which he was not entitled. It appears that much of the evidence to be adduced at trial will come from the words of Mr. Snyder, some recorded, some reduced to a transcript, some emailed to or from other people, and some overheard by government witnesses.

Mr. Snyder incorporates by reference all arguments presented in ECF 247.  This supplement follows.

Mr. Snyder argued in his submission referenced above that the destruction of emails, the illegal recording of Mr. Snyder's voice by UMMS and the fact that some oral communications between Ms. Snyder and Ms. Kinter were not recorded or preserved.  He now adds an additional ground for the Court to consider in rendering its decision on the pending motion.

**The United States Attorney's Office closed the investigation and mark it as closed.**

In 2021, Mr. Snyder requested any documents that showed that the United States Attorney's Office had closed its investigation in 2018 and later reopened it.  The request was made under the authority of *Brady*.  The Court denied the

request.  That hearing and ruling occurred before Chief Judge George Levi Russell, III.  Last week, the government permitted the defense to view the closing document, and it stated the investigation was "closed" and it was a "final" decision.  We urge the Court to view the document since the government would not permit the defense to maintain a copy of the document.

### Argument

Mr. Snyder maintains that the document is *Brady* material and given the fact that the government kept its existence from him for some five years the Court should dismiss the indictment with prejudice.  He maintains further, that should the Court decline to dismiss the indictment based upon denial of his right to due process, the Court should rule that he is entitled to question government counsel who made the decision and the reason(s) for declination and a closing of the case.

It seems infinitely unfair that when the very prosecutor who spearheaded this investigation for the government determined that Mr. Snyder did not harbor criminal intent to commit the very criminal acts for which he now stands trial, that prosecuting body may nonetheless alter its prior decision and leave the defendant in the position of not being permitted to question that decision when it bears upon the issue of innocence or guilt.

3

**Conclusion**

The Court should dismiss this indictment with prejudice or grant the defense the right to question the FBI agent who oversaw the investigation or the Assistant United States Attorney who closed the file as final on her reasoning for taking such action.

Respectfully Submitted,

/s/ Stephen L. Snyder
_____
Stephen L. Snyder, Esq. *pro se*
7307 Park Heights Avenue
Apt. 200
Encore Building
Pikesville, Maryland 21208
(443)610-7611
Steveslaw@icloud.com

/s/ Gerald C. Ruter
_____
Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland 21237
(410) 238-8000
Ruterlaw@verizon.net
Standby counsel for Stephen L. Snyder

**Certificate of Service**

I certify that on this 3rd day of November 2024, this this document was electronically submitted by CM/ECF to all parties of record.

/s/ Gerald C. Ruter
_____
Gerald C. Ruter