IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Case No. 1:23-CR-00371-GLR |
| | * |
| KAMAL KHALID, et al., | * |
| | * |
| Defendants. | * |
| | * |

\*\*\*\*\*\*\*

**CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America moves this Court, with the consent of the defendants, to exclude time under the Speedy Trial Act for the period of November 15, 2024, through February 15, 2024.  In support of the Motion, the Government states the following:

1. On October 18, 2023, a grand jury returned an indictment charging Defendants Kamal Khalid and FNU Shahrukh with Conspiracy and Securities Fraud.

2. On November 15, 2023, the Defendants were arrested and appeared in this Court for an initial appearance.  The defendants were released and are under Pretrial Supervision.

3. Counsel for the Government held a discovery conference call pursuant to Rule 16.1 with Defendant Shahrukh's counsel on November 20, 2023, and with Defendant Khalid's counsel on November 27, 2023.

4. On or about November 30, 2023, the Government produced to both defense counsel via FedEx more than 40,000 pages of discovery.

5. Under 18 U.S.C. § 3161(h)(7)(A), any delay resulting from a continuance of the trial date beyond the 70-day speedy trial date is excludable if such continuance is granted by the Court on the basis of a finding that the ends of justice are served by taking such action and outweigh

the best interest of the public and the defendant in a speedy trial. Factors the Court must find applicable in order to make this finding are listed in § 3161(h)(7)(B) and include, but are not limited to, the following:

- Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

*** 

- Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. The parties submit these factors justify excluding the proposed time and such exclusion outweighs the interest of the public and the defendants in a speedy trial.

7. The case is still in its early stages, and the defense counsel require more time to review the voluminous discovery.

8. For these reasons, the defendants need additional time to produce and review discovery.

9. In light of these considerations, holding a trial within 70 days of the defendants' initial appearances would deny counsel for the defendants and the government the reasonable time necessary for effective preparation. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendants in a speedy trial.

10. The United States communicated with defense counsel for both defendants, who consented to the relief sought in this Motion.

2

For the foregoing reasons, the parties ask the Court to exclude time under the Speedy Trial Act for the period of November 15, 2024, to February 15, 2025.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/_____
Matthew P. Phelps
Assistant United States Attorney
U.S. Attorney's Office
District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
Matthew.phelps@usdoj.gov


David Sullivan
Senior Litigation Counsel
Manu J. Sebastian
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044-0386
202.616.0219
david.sullivan2@usdoj.gov
manu.j.sebastian@usdoj.gov