IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **STEPHEN L. SNYDER,** <br><br> **Defendant** | **Criminal No. DLB 20-337** <br><br><br> **FILED UNDER SEAL** |

### UNITED STATES' MOTION IN LIMINE NO. 7 AND MEMORANDUM AS TO CERTAIN POTENTIAL *JENCKS* ISSUES

The United States, by its undersigned counsel, is filing this Motion in Limine No. 7 and *Jencks* Disclosure to disclose and move to exclude certain evidence, and to notify the Court and the parties of a related *Jencks* issue.

One of the case agents on this matter is FBI Special Agent Dan Rzepecki. The Government is unlikely to call SA Rzepecki as a witness; however, as one of the case agents, the Government is producing his *Jencks* in an abundance of caution. The Government is raising two issues with respect to SA Rzepecki's *Jencks*.

First, the Government is making available for inspection SA Rzepecki's closing memorandum that documented the closing of the Snyder investigation in 2018. SA Rzepecki wrote remarks in the memorandum, which were relayed to him by the then-prosecutor, that the case was being closed because "It was determined based on the facts of the investigation there was no criminal intent by Stephen Snyder (Snyder) to extort the UMMS because Snyder was willing to include Attorney Andy Graham and members of the UMMS Board. As a result of these facts the United States Attorney's Office declined to prosecute the investigation." Snyder previously sought to compel the production of the Government's closing memorandum (ECF No. 69, ECF No. 69-1 at 7, ECF No. 69-5 at 9), which the Court denied on May 26, 2022, finding that the

opinions of government attorneys were not *Brady*.  See ECF No. 88.

Now, however, the closing memorandum is discoverable as SA Rzepecki's *Jencks*, and so the Government is making the document available for inspection.  The Government is not producing the document to the defendant, unless ordered by the Court, because the document contains the Government's deliberative process decision-making, which is privileged, and the Court's Standing Order generally prohibits discovery being given to the defendant without consent from the Government or authorization by the Court.  *See, e.g. Freeman v. U.S. Dept. of Justice*, 723 F. Supp. 1115, 1121 (D. Md. 1988) (finding that charging decisions are deliberative). Likewise, the Government will make SA Rzepecki's memorandum re-opening the case available for inspection. Further, the United States is moving to exclude these documents as evidence at trial and to exclude any potential testimony from SA Rzepecki about the documents or the closure of the case, generally.[1]  A prosecutor's opinion about the strength of the intent evidence is not relevant or admissible,

---

[1] The relief sought here is similar, if not identical, to the relief sought in Government's Motion in Limine No. 1.

Second, following the closure of the case in 2018, SA Rzepecki permanently deleted his emails to conserve storage space. The FBI does not have a back-up of these emails. The Government is attempting to back-fill these emails by obtaining emails from people that SA Rzepecki emailed, including his supervisor, co-case agent, and the witnesses. If questioned at a hearing, SA Rzepecki would testify that his general practice is to not communicate substantively (which is evident in the emails that will be produced) and that he only deleted them because the case was closed and because he needed to conserve storage space. Again, the Government is unlikely to call SA Rzepecki as a witness, but the Government is alerting the Court and the parties to this issue in an abundance of caution.

Erek L. Barron
United States Attorney

____/s/_____
Matthew P. Phelps
Evelyn L. Cusson
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this filing was served on the defendant via first class mail to the following address:

Stephen L. Snyder
7307 Park Heights Avenue, Apt. 200
Encore Building
Pikesville, Maryland 21208

____/s/_____
Matthew P. Phelps