```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

**UNITED STATES OF AMERICA**        *

    V.                                 *     Case No. DLB-20-0337

**STEPHEN L. SNYDER**           *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MOTION TO PERMIT INTERVIEW OF JURY PANEL

Now comes the Defendant, Stephen L. Snyder, *pro se*, and Law Offices of Gerald C. Ruter, P.C., as stand by counsel, and pursuant to Local Rules 107.16 and 211, request the Court to permit the defense to interview the 15 jurors who were impaneled on November 21 and November 22, 2024, and for reasons states as follows:

    1. On November 21, 2024, at approximately 5:45 p.m. the Court announced its finding that Mr. Snyder was found to be in direct Contempt of Court and ordered him immediately incarcerated.

    2. Upon information and belief, members of the news media were present during this court proceeding.

    3. On the 11:00 p.m. local news on the same evening, at least WBAL-TV, carried the news of Mr. Snyder's finding of contempt and incarceration that had occurred just a few hours after the jurors had left the Courthouse and only hours before which they would return to begin their deliberations.

4. The following morning, out of the presence of the jury, Mr. Snyder requested the Court to *voir dire* the jury on the question if anyone on the panel had seen any news coverage of the trial, in any form of media, in the last three days. The purpose of the request was to learn if anyone had seen any news coverage of the prior evening's court proceedings; however, so as not to bring that matter directly to the forefront, Mr. Snyder requested the question include the last three days of testimony, rather than just the prior evening.

5. The Court denied the request, noting that the Court had admonished the jury not to view or read any news media at the conclusion of each day's proceedings.

## Argument

Local Rule 107.16 states:

> **16. Interviews of Jurors**
> Unless permitted by the presiding judge, no attorney or party shall directly or through an agent interview or question any juror, alternate juror, or prospective juror with respect to that juror's jury service."

Local Rule 211 makes it clear that the above cited rule applies equally to criminal trials as well as civil trials.

The request made by Mr. Snyder was not the product of getting involved in a fishing expedition. The trial was covered by the written and audio media every day of the trial as far as counsel has knowledge. It is likely that some accounts of this trial were known or seen or heard by the jury panel; and might

2

be expected in any case with the same kind or extent of coverage. What sets this quite plausible fact apart is the incarceration of Mr. Snyder following closing arguments and on the eve of the commencement of deliberations.

Counsel was made aware that one local television station announced before the scheduled 11:00 p.m. news coverage was to begin that Mr. Snyder had been incarcerated earlier that evening. It would appear that no one watching that station that evening could have avoided it even had they wished to.

Due process demands a fair and impartial jury. Mr. Snyder's request was reasonable and measured and requested for the sole purpose of assuring that his right to a fair and impartial jury was still intact.

We urge the Court to grant this request.

                Respectfully Submitted,


                /s/ Stephen L. Snyder
                _____
                Stephen L. Snyder, Esq. *pro se*
                7307 Park Heights Avenue
                Apt. 200
                Encore Building
                Pikesville, Maryland 21208
                (443)610-7611
                Steveslaw@icloud.com

/s/ Gerald C. Ruter
_____
Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland 21237
(410) 238-8000
Ruterlaw@verizon.net
Standby counsel for Stephen L. Snyder

**Certificate of Service**

I certify that on this 9th day of December 2024, this document was electronically submitted by CM/ECF to all parties of record.

/s/ Gerald C. Ruter
_____
Gerald C. Ruter