IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**STEPHEN L. SNYDER,**<br><br>   Defendant. | **Criminal No. DLB 20-337** |

### UNITED STATES' OPPOSITION TO
### DEFENDANT'S MOTION TO CONTINUE SENTENCING

The United States of America, by its undersigned counsel, submits this Opposition to Defendant Stephen L. Snyder's Motion Continue Sentencing, ECF No. 315.

The Grand Jury charged Snyder in October of 2020. Trial did not commence until November 2024 and Snyder's sentencing is currently scheduled for February 25, 2025. While Snyder blamed the Government for delaying his trial, the case made no progress for most of 2022 and 2023 while Snyder litigated grand jury issues, which he lost.

On November 22, 2024, a jury convicted Snyder of attempted Hobbs Act extortion and of seven violations of the Travel Act. That day, the Court scheduled sentencing for February 25, 2025. Following his conviction, Snyder requested representation because he claimed that he was not competent to represent himself, and he filed a motion seeking a new trial on those grounds. *See* ECF No. 304. At an attorney inquiry hearing on December 10, 2024, Judge Sullivan denied Snyder's request for court-appointed counsel, finding that appointing new counsel would unjustly delay the proceeding. Judge Sullivan wrote:

> This case has been pending since 2020 and sentencing is less than three months away. If the Court were to appoint new counsel, there is no question that sentencing would be postponed. New counsel would need time to review the pretrial and trial transcripts, the discovery produced by the Government, and the evidence presented against Mr. Snyder at trial. Counsel would likely seek to

> second-guess strategic decisions that Mr. Snyder made during trial, effectively giving Mr. Snyder a second chance at litigating issues that have already been decided. Allowing such a tactic would cause tremendous delay and undermine the fair administration of justice. Considering Mr. Snyder's steadfast insistence—at least until the time of his conviction—that he is a master of litigation and that he is the attorney best situated to defend against the charges, any benefits to Mr. Snyder are substantially outweighed by the interests of the public in bringing this case to a conclusion.

ECF No. 308 at 3.  Judge Sullivan appointed Justin Brown to act as Snyder's standby counsel. Snyder subsequently retained Brown as his lead counsel, and Mr. Brown moved to continue the sentencing.  ECF No. 315.

This case has been pending for more than four years and should proceed to sentencing, as scheduled.  Snyder chose to represent himself more than one year ago, and he should not be permitted to strategically engage counsel to delay sentencing.  Further, the Motion does not provide a reasonable basis to postpone the sentencing.  Snyder's current counsel is seeking a 30-60-day[1] postponement to prepare mitigation evidence and obtain Snyder's medical records. Sentencing is still approximately two months away and that time is adequate to gather mitigation evidence and Snyder's medical records.  Snyder claimed to already have a stack of his medical records at the attorney inquiry hearing on December 10th.

For the foregoing reasons, the Court should deny ECF No. 315.

                                                                Respectfully submitted,

                                                                Erek L. Barron
                                                                United States Attorney

                                                             _____/s/_____
                                                                Matthew P. Phelps
                                                               Evelyn L. Cusson
                                                               Assistant United States Attorneys

---

[1] Lead counsel for the Government is scheduled to be in trial for the entire month of March in *United States v. Wilson*, 1:21-cr-00360-DKC.