IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

     v.                                   *          Case No DLB-20-337

STEPHEN SNYDER                    *

    *      *      *      *      *      *      *      *      *      *      *

REPLY TO GOVERNMENT'S OPPOSITION
TO MOTION TO CONTINUE SENTENCING

    Stephen Snyder, through counsel, C. Justin Brown, Brown Law, hereby replies to the Government's opposition to his Motion to Continue Sentencing. In support of this motion, counsel states the following:

    1. This is a complex case with a complex history. Counsel seeks a modest postponement of Snyder's sentencing so that he can become more familiar with the case's backstory, learn the facts from a two-week trial, and have adequate time to prepare mitigation that will help the Court impose a fair punishment. To be clear: this request comes from undersigned counsel, an officer of the court, not from his client.

    2. It is undersigned counsel's experience that continuances like this are routinely granted, almost always by consent. In fact, in 15 or so years of practice in federal court, counsel cannot recall a single time when the Government has opposed a first request for a postponement of sentencing. Parties most often consent to requests like this out of professional respect and consideration, without giving it a second thought, and without gamesmanship. This professionalism

extends both ways. Undersigned counsel has consented to dozens, if not hundreds of continuance requests from prosecutors over the years. It is unusual that this same courtesy is not being extended here.

3. The Government comments in its Opposition that "[s]entencing is still approximately two months away and that time is adequate to gather mitigation evidence and Snyder's medical records." ECF 319 at 2. This may be the Government's perspective, but it is not defense counsel's. Sentencing in federal court – and the mitigation that goes with it – is a complicated business. In some ways, sentencing is the essence of what federal criminal defense attorneys do (based on the very high conviction rate in federal court). Without belaboring the point, sentencing following a trial can encompass the following: complex document and transcript reviews, working with experts (who have scheduling challenges of their own), complex legal research into Sentencing Guidelines issues, character witness preparation, the drafting of an extensive sentencing memorandum, and client management, to name a few things, all of which apply to this case.

4. Undersigned counsel runs a small law firm that does not have nearly the same resources as the United States Attorney's Office. Counsel has a busy schedule leading up to February 25 (the current sentencing date), including: a state court trial on January 16, a state court post-conviction hearing on January 21, a federal sentencing on January 28, a state court trial on January 29, a federal

motions hearing February 10-11, a state post-conviction hearing on February 21 and another state post-conviction hearing on February 26.

5. Making matters more difficult, counsel has not yet received the trial transcript from the court reporter (which has already been ordered). After reading the Government's recent opposition to Defendant's Rule 29 Motion, as well as the Government's proposed factual summary sent to the U.S. Probation officer, and noting the hyperbolic manner in which the Government characterizes the trial, it becomes even more imperative that counsel becomes familiar with the actual testimony at trial.

6. If necessary, counsel is willing to provide additional information about the mitigation efforts underway in this case, and why that requires more time, but counsel would need to do that *ex parte*, as it pertains to strategy that the defense need not disclose at this time.

Wherefore, counsel respectfully requests that this Court grant a continuance of 30 to 60 days so that counsel can adequately prepare for sentencing and attempt to maintain the fairness of these proceedings.

Respectfully submitted,

_____/s/_____
C. Justin Brown
BROWN LAW
233 E. Redwood St., Suite 1000C
Baltimore, MD 21202
Tel: (410) 244-5444
Fax: (410) 934-3208
brown@cjbrownlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 3, 2025, a copy of the foregoing

Reply was sent to each of the parties via CM/ECF.


_____/s/_____
C. Justin Brown