IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **United States of America** | * | |
| v. | * | Criminal Case No. DLB 20-337 |
| **STEPHEN L. SNYDER** | * | |

******

## SECOND AMENDED SENTENCING ORDER

The Court has considered Stephen Synder's motion to continue sentencing, ECF 315; the government's opposition, ECF 319, and Snyder's reply, ECF 322. The motion IS GRANTED. Accordingly, it is hereby ORDERED:

(1) On or before **February 18, 2025**, the Probation Officer shall provide the initial draft of the presentence report to counsel for the Defendant for review with the Defendant. If the Defendant is in pretrial detention, defense counsel may not provide a copy of the recommendations section of the presentence report to the Defendant in advance of meeting to review the presentence report, and may not leave the recommendations section of the presentence report with the Defendant once the review has taken place. The Probation Officer shall also provide the initial draft of the presentence report to counsel for the Government.

(2) On or before **February 25, 2025**, counsel shall submit, in writing, to the Probation Officer and opposing counsel, any objections to any material information, sentencing classifications, advisory sentencing guideline ranges, or policy statements contained in or omitted from the report.

(3) After receiving counsel's objections, the Probation Officer shall conduct any necessary further investigation and may require counsel for both parties to meet with the Probation Officer to discuss unresolved factual and legal issues. The Probation Officer shall make any revisions to the presentence report deemed proper, and, in the event that any objections made by

1

counsel remain unresolved, the Probation Officer shall prepare an addendum setting forth those objections and any comment thereon.

(4) On or before **March 10, 2025**, the Probation Officer shall file the report (and any revisions and addendum thereto) through CM/ECF.

(5) If counsel for either party intends to call any witnesses at the sentencing hearing, counsel shall submit, in writing, to the Court and opposing counsel, on or before **March 19, 2025**, a statement containing (a) the names of the witnesses, (b) a synopsis of their anticipated testimony, and (c) an estimate of the anticipated length of the hearing.

(6) Sentencing memoranda are not required unless a party intends to request a sentence outside the advisory guidelines range on the basis of a non-guideline factor. If submitted, they shall be filed with the Clerk and a copy delivered to chambers on or before **March 19, 2025**. Opposing or responding memoranda are not required. If submitted, they shall be delivered to chambers on or before **March 26, 2025**. Copies of all memoranda must be sent to the Probation Officer. Sentencing memoranda are not sealed documents. If the memoranda or attachments contain sensitive material, they should be filed under seal and accompanied by a motion to seal.

(7) If the Government intends to seek restitution, a memorandum requesting restitution and all supporting documentation shall be filed on or before **March 19, 2025**. Failure to provide the restitution information or an explanation for why the restitution information is not yet ascertainable by this date may result in an order to show cause why the information could not have been timely provided and may result in the Court denying or delaying restitution until after a hearing not to exceed 90 days after sentencing.

(8) Sentencing shall be on **April 2, 2025** at **2:00 p.m**.

(9) The presentence report, any revisions, and any proposed findings made by the Probation Officer in the addendum to the report shall constitute the tentative findings of the Court

Sentencing Guidelines Order - Regular (Rev. 12/2019)

under section 6A1.3 of the sentencing guidelines. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendant, or the Government, and the Court may issue its own tentative or final findings at any time before or during the sentencing hearing.

(10)   Nothing in this Order requires the disclosure of any portions of the presentence report that are not disclosable under Federal Rules of Criminal Procedure 32.

**January 7, 2025**
Date

**Deborah L. Boardman**
**United States District Judge**

3

Sentencing Guidelines Order - Regular (Rev. 12/2019)